UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **KATHRYN FOX,**<br>Plaintiff,<br>v.<br><br>**UNIVERSAL LOGISTICS HOLDINGS, INC.,**<br>Defendant. | **2:23-CV-13135-TGB-EAS**<br>HON. TERRENCE G. BERG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF NO. 28)** |

Plaintiff Kathryn Fox brought this lawsuit claiming her former employer, Defendant Universal Logistics Holdings, Inc., discriminated against her based on her age and race and retaliated against her in violation of 42 U.S.C. § 1981 and the Michigan Elliott-Larsen Civil Rights Act ("ELCRA") when it terminated her after two months of employment. The Court granted Defendant's Motion for Summary Judgment and dismissed Plaintiff's claims with prejudice. ECF No. 22.

Now before the Court is Plaintiff's Motion for Reconsideration of that Order. ECF No. 28. Pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the motion will be evaluated based on the brief. For the reasons stated below, Plaintiff's motion will be **DENIED**.

## I. BACKGROUND

The facts in this case are fully set forth in the Court's Order granting summary judgment. ECF No. 22. Briefly, Plaintiff Kathryn Fox,

an African-American woman then age 55, worked for Defendant Universal Logistics Holdings, Inc. ("Universal") as a probationary employee in a "Dockman-Forklift" position for approximately two months in late 2020. *Id.* PageID.272. Dockman-Forklift employees were assigned forklift duties when and as needed, and otherwise performed general warehouse worker tasks when and as needed to support the company's operations. *Id.* PageID.273. Fox primarily worked on the warehouse floor for the first month of her employment before she began operating a forklift for the remainder of her employment. *Id.* PageID.273–74. There was no difference in pay, hours worked, overtime, or performance expectations based on whether a Dockman-Forklift worker was performing forklift duties or general warehouse duties. *Id.* PazgeID.273.

Fox's employment was terminated on December 10, 2020, while she was still a probationary employee. *Id.* PageID.277. Universal states Fox was terminated because of her performance issues and difficult interactions with others in the workplace. *Id.* Specifically, Universal stated:

1. Kathryn is combative and has a poor attitude. Does not always want to follow directions given to her by her supervisors.
2. Kathryn has had 3 different assignments while with Universal. The first assignment did not work out because she could not refrain from bickering with her coworkers. The second assignment did not work out because she was unable to catch on. Jen tried to retrain her and show her what she was doing wrong several times, however,

> Kathryn just could not grasp the concept. Most recently Kathryn is on a Hi-Lo and occasionally has issues with that as well.
>
> 3. Kathryn has a difficult time getting along with her coworkers and struggles to be a team player.
>
> Overall, with her work performance and poor attitude, we feel that it would be best to part ways at this time.

*Id.* PasgeID.277.

On December 9, 2023, Fox brought this lawsuit against Universal, asserting claims for race discrimination, age discrimination, and retaliation in violation of 42 U.S.C. § 1981 and the Michigan ELCRA, M.C.L. § 37.2101 *et seq*. ECF No. 1. On March 17, 2026, the Court granted Universal's motion for summary judgment, dismissing all of Fox's claims with prejudice. ECF No. 22.

On April 14, 2026, Fox filed the instant motion for reconsideration of that Order. ECF No. 28. Fox does not challenge the Court's Order dismissing her race and age discrimination claims under § 1981 and the ELCRA with prejudice. *Id.* PageID.336. Fox instead challenges only the Court's Order as to her retaliation claims, arguing that the Court erred in finding that she failed to show that Universal's reasons for terminating her employment were a pretext for retaliation *Id.*

## II. LEGAL STANDARD

Motions for reconsideration of a Court's final ruling are governed by Federal Rule of Civil Procedure 59(e) or 60(b). Plaintiff here moves for reconsideration under Rule 59(e). Motions to alter or amend judgment

pursuant to Rule 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11C WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2810.1 (2d ed. 1995)); *see also Michigan Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) ("A motion under Rule 59(e) is not an opportunity to re-argue a case.") (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). "A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *In re J & M Salupo Dev. Co.*, 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008) (quoting *American Textile Mfrs. Inst., Inc. v. The Limited Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998), *aff'd*, 190 F.3d 729 (6th Cir. 1999)).

## III. DISCUSSION

Fox argues in her motion that reconsideration of the Court's Order granting summary judgment is warranted because the Court's "retaliation pretext analysis" improperly relied upon evidence of temporal proximity alone. ECF No. 28, PageID.338. A review of the

Court's Order reveals that Plaintiff's position is not correct. In its Order granting summary judgment to Universal on Fox's retaliation claims, the Court explained that while Fox's termination occurred close in time to her complaints to her supervisors, timing alone cannot show that Universal's reasons for her discharge were pretextual. ECF No. 22, PageID.304–06. The Court found that Fox established triable issues of fact as to a prima facie case of retaliation under the ELCRA and § 1981, but that she failed to create a triable issue of material fact over whether Universal's proffered reasons for her discharge—poor performance and behavioral concerns—were a mere pretext for retaliation because she failed to show that the proffered reasons for her termination (1) had no basis in fact; (2) did not actually motivate her discharge; or (3) were insufficient to motivate her discharge. *Id.* (incorporating the pretext analysis at PageID.289–300 of the Order and citing *Milczak v. Gen. Motors, LLC*, 102 F.4th 772, 779 & n.2 (6th Cir. 2024) (finding plaintiff "would be unable to show [defendant's] explanation for its actions was pretextual [for plaintiff's retaliation claim] for the same reasons he could not show pretext on his disparate treatment claim")).

Fox recognizes in her motion that "[a]t the pretext stage, the ultimate issue is whether the employer really fire[d] the employee for the stated reason or not." ECF No. 28, PageID.340 (citing *Miles v. S. Cent. Hum. Res. Agency, Inc.*, 946 F.3d 883, 888 (6th Cir. 2020)). Fox contends in her motion for reconsideration that Universal's stated reasons for her

termination either did not actually motivate the termination decision or were insufficient to support her termination. ECF No. 28, PageID.342. As the Court explained in its Order, to establish that the proffered reasons did not actually motivate the termination decision, Fox must "admit[] the factual bases underlying [Universal's] proffered explanation and further admit[] that such conduct could motivate [the termination decision]" and "attempt[] to indict the credibility of [Universal's] explanation by showing circumstances which tend to prove that an illegal motivation was more likely than that offered by [Universal]." *Johnson v. Kroger Co.*, 319 F.3d 858, 866 (6th Cir. 2003). And to establish that the stated reasons for her termination were insufficient, Fox must again admit that Universal's stated reasons have a basis in fact, but show that those reasons were insufficient to justify termination, usually by providing evidence that other employees were not fired even though they engaged in substantially identical conduct. *See Joostberns v. United Parcel Servs.*, 166 F. App'x 783, 791 (6th Cir. 2006). Under either prong, the "burden at the pretext stage is onerous" and Fox "must demonstrate by a preponderance of the evidence that the proffered reason was a mere pretext for [retaliation]." *Hood v. City of Memphis Pub. Works Div.*, No. 21-5372, 2023 WL 1880399, at *6 (6th Cir. 2023) (cleaned up).

But in support of her motion for reconsideration, Fox relies on the same arguments that she made in her response to Defendant's motion for summary judgment, and which the Court has already considered and

rejected. Fox contends that Universal's reasons for her termination are "largely subjective" and "susceptible to credibility testing and jury scrutiny" when she disputes them. ECF No. 28, PageID.341. In support of this argument, Fox focuses on certain terms used such as "combative" or "poor attitude," but she ignores Universal's non-subjective statements such as that Fox "[d]oes not always want to follow direction given to her by supervisors," and that she "has had 3 different assignments while with Universal," but could not complete any of them satisfactorily. In any event, even assuming that some of Universal's proffered reasons for Fox's discharge could be deemed "subjective," the Sixth Circuit has held that "[a]s a legal matter, an employer's use of subjective criteria in a termination decision 'does not raise an inference of … discrimination.'" *Papierz v. Benteler Auto. Grp.*, No. 21-1237, 2022 WL 154342, at *3 (6th Cir. Jan. 18, 2022) (quoting *Schoonmaker v. Spartan Graphics Leasing, LLC*, 595 F.3d 261, 269 (6th Cir. 2010)); *see also Solis v. Ohio State Univ. Wexner Med. Ctr.*, No. 24-3230, 2024 WL 4579501, at *6 (6th Cir. Oct. 25, 2024) ("An employer may consider subjective factors like attitude, self-confidence, teamwork, and other nondiscriminatory criteria in its evaluation process."); *Tillotson v. Manitowoc Co.*, 727 F. App'x 164, 169 (6th Cir. 2018) (holding that an employee "cannot establish pretext simply because some of the component metrics in the company's evaluative rubric are subjective.").

Fox also contends the Court erred in not finding that her coworker's opinion regarding Fox's work performance was sufficient to establish that Universal's reasons for her termination were a pretext for retaliation. ECF No. 28, PageID.341–42. However, the Court addressed this argument in its Order granting summary judgment and recognized that this coworker testified that he would only "see [Fox] periodically from time to time" at work and would "wave; say how are you doing, and keep on going," but that he "wasn't hands on with whatever [Fox] and the supervisors or the team lead talked about." ECF No. 22, PageID.294 (citing Deposition of Djuan Smith at 13, 28, ECF No. 18-2, PageID.214, 218). The Court found that Smith's subjective opinions of Fox's work performance, to the extent he claims he observed it, failed to raise a genuine issue of fact as to pretext. *Id.*

Fox has failed to show that the Court "clearly erred" in reaching this decision. Indeed, courts consistently hold that coworkers' opinions or testimony do not create a material issue of fact on pretext. *See, e.g., Broadnax v. Rhombus Energy Sols., Inc.*, No. 23-11343, 2025 WL 376037, at *5 (E.D. Mich. Feb. 3, 2025) (Steeh, J.) (coworker's statements about the work environment "are generally 'nothing more than rumors, conclusory allegations and subjective beliefs which are wholly insufficient to establish a claim of discrimination as a matter of law") (quoting *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 584–85 (6th Cir. 1992)), *aff'd*, No. 25-1171, 2025 WL 2933015 (6th Cir. Oct. 15, 2025); *McKinley*

*v. Skyline Chili, Inc.*, No. 1:11-CV-344, 2012 WL 3527222, at *6 (S.D. Ohio Aug. 14, 2012) ("[F]ederal courts have consistently held that a plaintiff's former coworkers' personal opinions of the plaintiff's past work performance fails to create a genuine issue of material fact.") (collecting cases), *aff'd*, 534 F. App'x 461 (6th Cir. 2013). Rather "[w]hen it comes to determining whether an employer found its employee's performance deficient (or, rather, was engaged in impermissible retaliation), it's the employees' supervisors' and managers' opinions that matter, not coworkers' opinions." *Foreman v. River City Mortg., LLC*, No. 1:24-CV-54, 2025 WL 2522945, at *8 (S.D. Ohio Sept. 2, 2025) ("Stated more generally, when an employer points to specific performance issues as the basis for an adverse employment decision, the employee cannot respond by relying on isolated positive feedback from coworkers, or self-serving testimony about the employee's own performance, to create a genuine dispute as to pretext.") (citing *Bart-Williams v. Exxon Mobil Corp.*, No. 1:16-cv-1338, 2017 WL 4401463, at *14 (E.D. Va. Sept. 28, 2017)).

Fox offers nothing other than speculation and her own subjective beliefs that Universal's reasons for her termination were retaliatory, and as the Court already found, such unsupported assertions are insufficient to place the issue of pretext before a jury. *See McKinley v. Skyline Chili, Inc.*, 534 F. App'x 461, 467 (6th Cir. 2013) (affirming summary judgment where EEOC's speculation that employer's reliance on performance problems was "plainly suspect" fell short of demonstrating pretext). As

the Court found when granting Universal's motion for summary judgment, Fox offers no evidence to suggest that the reasons for her termination had no basis in fact or did not actually motivate the termination decision or were insufficient to motivate that decision.

Accordingly, Fox has failed to identify any valid basis for amending or altering the Court's judgment under Rule 59(e). The Court finds that Fox's motion for reconsideration merely seeks to relitigate the issues previously raised and rejected by the Court. The Court has already given full consideration to Fox's arguments, as well as the reframed versions of those arguments in the present motion and finds them to be without merit.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Reconsideration of the Court's Order granting Defendant's motion for summary judgment, ECF No. 28, is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 12, 2026 /s/Terrence G. Berg
HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE